## WILLETS v. CURTH et al.

(Supreme Court, Appellate Division, Second Department.　February 15, 1905.)

1. CONVERSION—VALUE OF PROPERTY—EVIDENCE.

In an action for the conversion of household furniture, evidence *held* insufficient to support the finding that the value of the property was $600.

Hooker, J., dissenting.

Appeal from Trial Term, Kings County.

Action by Mary J. Willets against Louis Curth and others.　From a judgment for plaintiff, defendants appeal.　Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Charles Fox, for appellants.

Henry A. Powell, for respondent.

WILLARD BARTLETT, J.　This is an action to recover damages for the conversion of a large number of articles of household furniture.　The plaintiff proved enough to establish the alleged conversion, but it is quite clear that the amount ($600) awarded to her by the jury was excessive.　Only two witnesses were examined by the plaintiff as to the value of the furniture.　The first was the plaintiff herself, who testified specifically to the purchase price of each article, making the total cost of the furniture, when new, $1,129.96.　The other witness was an auctioneer, who had been engaged for 14 years in buying and selling secondhand furniture, and who testified as an expert, in great detail, to the value of each article alleged to have been converted; his valuation in each instance relating to the time of the conversion or trial.　The sum of the values given by this expert witness, according to my computation, is $216.50.　In his estimate he appears to have taken into consideration the length of time during which the several articles had been used, so far as that could be discovered from the testimony of the plaintiff herself.　The plaintiff was recalled, and gave additional testimony showing that the use in many instances had not extended over so many years as had been assumed by the expert.　Nevertheless, taking her testimony and his together, I think it is quite clear that the award of $600 was twice as large as could be justified by the evidence.

The verdict is so plainly excessive that a new trial ought to be ordered, unless the plaintiff will stipulate to reduce the damages to $300. In that event the judgment should be affirmed, without costs.　All concur, except HOOKER, J., who dissents.