### HOFFMAN v. EHRICH.

(Supreme Court, Appellate Term. March 13, 1911.)

SALES (§ 418*)—BREACH OF CONTRACT—EXCESSIVE DAMAGES.

Where, in an action for breach of contract to sell a secondhand set of furniture, represented to have been purchased in France some 20 years before for $550, the buyer testified that she was to pay $60 for the furniture, and that the salesman assured her that the furniture had been purchased in France, and the seller showed that the furniture was merely a set of ordinary stock furniture, capable of daily duplication, worth from $45 to $60, a verdict for $250 was excessive.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 418.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Ruth Centennial Hoffman against Jules S. Ehrich, doing business under the firm name of Ehrich Bros. From a judgment for plaintiff for $250 damages and $22 costs, after a trial by judge and jury, and from an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Guggenheimer, Untermeyer & Marshall, for appellant.

Dudley E. Latham, for respondent.

BIJUR, J. Plaintiff visited defendant's store, and was shown a secondhand and worn set of furniture, which she purchased for $60, paying $5 down as a deposit. She says that the defendant's salesman assured her that the furniture had been purchased in France some 20 years before by the defendant for $550. Subsequently it appears that

this set of furniture had by mistake been sold to some one else, and plaintiff, refusing all offers of substitution, sued for her damages,.. alleging them to be the difference between the contract price and the value of the set of furniture on the day of purchase.

She offered no proof of value, other than the alleged conversation had with defendant's salesman above referred to. On the other hand, the defendant, by overwhelming testimony proved that the furniture was merely a set of ordinary stock furniture, purchased by the defendant in this city some 20 years ago for $145, and that it was capable of daily duplication here. Men fully qualified to express an opinion placed its value at from $45 to $60. The judgment is so manifestly excessive (Willets v. Curth, 102 App. Div. 616, 92 N. Y. Supp. 174) that it must be reversed, and a new trial ordered, with costs to appellant to abide the event.

Order denying motion for new trial reversed. All concur.